IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA JULIA VILCHIS GONZALEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LINEAGE LOGISTICS HOLDINGS, LLC, d/b/a LINEAGE LOGISTICS,<br><br>    Defendant. | Case No. _____<br><br>Removal from the Circuit Court of Cook County, Illinois<br><br>Case No.: 2023CH01775 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Lineage Logistics Holdings, LLC ("Defendant") removes to the United States District Court for the Northern District of Illinois, the civil action pending against it in the Circuit Court of Cook County, Illinois. In support of removal, Defendant states as follows:

1. Plaintiff Laura Julia Vilchis Gonzalez ("plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois on February 23, 2023, entitled *Gonzalez v. Lineage Logistics Holdings, LLC*, Case No. 2023 CH 1775 (the "State Court Action"). Plaintiff served Defendant's registered agent with the Complaint on March 8, 2023.

2. Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A** (ECF 1-1).

3. Removal is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d), which is the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil action in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.*, minimal diversity). *See* 28 U.S.C. §1332(d). These requirements are all met.

4. This Notice of Removal is filed within 30 days of the date that Defendant was served and is accordingly timely. 28 U.S.C. §1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

### VENUE IS PROPER

5. The Circuit Court of Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois. 28 U.S.C. §93(c). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### ALL REQUIREMENTS FOR CAFA JURISDICTION ARE MET

6. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

7. Here, the Complaint alleges a Biometric Information Privacy Act ("BIPA" or "Privacy Act") class action on behalf of a putative class of "All of Lineage Logistics Holdings, LLC d/b/a Lineage Logistics's current and former employees or agents and staffers whose Biometric Information were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable

limitations period." (ECF 1-1, Compl. ¶37.) Accordingly, this action is properly considered a "class action" under CAFA.

8. CAFA's minimal diversity requirement is met. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

9. The Complaint alleges that plaintiff is "a resident"—not citizen—"of Chicago, Illinois." (ECF 1-1, Compl. ¶2.) Nevertheless, Defendant is a limited liability company and citizen of Delaware and Michigan, as detailed in the Declaration of Deputy General Counsel Brian Golper, attached as **Exhibit B** (ECF 1-2). *See Young v. Integrity Healthcare Communities, LLC*, 513 F.Supp.3d 1043, fn. 2 (S.D. Ill. 2021) ("Although an LLC's citizenship is the citizenship of its members for purposes of diversity jurisdiction, this rule doesn't apply to jurisdiction under CAFA. 'As part of CAFA, Congress chose to modify existing case law concerning the citizenship of unincorporated associations'" such as the LLC, which "'shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized' 28 U.S.C. §1332(d)(10)") (citations omitted); *see also Bond v. Veolia Water Indianapolis, LLC*, 571 F.Supp.2d 905, 912-13 (S.D. Ind. 2008) ("The court treats the term 'unincorporated associations' in subsection (d)(10) as broadly as the Supreme Court had treated it in *United Steelworkers of America v. R.H. Bouligny, Inc.* and *Carden*, so that subsection (d)(10) applies to the limited liability company…. CAFA calls upon courts to apply the same test that applies to corporations" to unincorporated associations such as LLCs); *see also Kurth v. Arcelormittal USA, Inc.*, 2009 WL 3346588, fn. 2 (N.D. Ind. 2009) (same).

10. The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA. 28 U.S.C. §1332(d)(6). It must "exceed[] the sum or value of

3

$5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). The Complaint does not specify a damages figure or plead any amount sought. It seeks statutory damages of $5,000 for each intentional and/or reckless violation of the Privacy Act or $1,000 for each negligent violation. (ECF 1-1, Compl., Prayer for Relief (d)-(e).) The Complaint further alleges that plaintiff and each putative class member suffered three violations of Sections 15(a), (b) and (d). (*Id.* ¶¶46-47, 50.)

11.  Defendant employs or employed more than 334 hourly workers in the State of Illinois that use(d) the Dayforce timekeeping equipment at issue in the case during the relevant time period. *See* Declaration of Human Resources Business Partner Courtney Chesser, attached as **Exhibit C** (ECF 1-3.) Since plaintiff seeks $5,000 in statutory damages for each alleged violation of the Privacy Act, the purported damages are $5,010,000 aggregated across the putative class (334 individuals x 3 alleged violations per individual x $5,000 per alleged violation).

12.  Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (ECF 1-1, Compl., Prayer for Relief (c), (f).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

13.  Defendant denies the validity and merit of plaintiff's Privacy Act claim. But, for purposes of setting forth grounds for this Court's jurisdiction, the amount in controversy is satisfied under 28 U.S.C. §1332(d)(6). For removal purposes, the question is not "what damages

4

the plaintiff will recover, but only how much is *in controversy* between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

14. Under CAFA, Defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

### RESERVATION OF RIGHTS

15. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

16. Under 28 U.S.C. §1446(d), Defendant will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Cook County, Illinois.

**WHEREFORE**, Defendant Lineage Logistics Holdings, LLC respectfully requests that this litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: April 7, 2023            Respectfully submitted,

           By:  /s/ Anne E. Larson
                One of the Attorneys for Defendant
                LINEAGE LOGISTICS HOLDINGS, LLC

Anne E. Larson (ARDC No. 6200481)
Taylor M. May (ARDC No. 6333036)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:   312.558.1220
*anne.larson@ogletree.com*
*taylor.may@ogletree.com*

6

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 7, 2023, she filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

>Daniel Schlade
>James Dore
>**JUSTICIA LABORAL, LLC**
>6232 N. Pulaski, #300
>Chicago, IL 60646
>Tel: 773.550.3775
>*dschlade@justicialaboral.com*
>*jdore@justicialaboral.com*
>
>**Attorneys for Plaintiff**

/s/ Anne E. Larson
One of the Attorneys for Defendant
LINEAGE LOGISTICS HOLDINGS, LLC